**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

STEVEN DENNIS YOUNG,

    Plaintiff,

v.                                                               Case No. 3:07-cv-551-J-32MCR

DR. HIEP NGUYEN,
et al.,

    Defendants.

## **ORDER**[1]

### **I. Status**

Plaintiff, an inmate in the custody of the Florida Department of Corrections who is proceeding pro se, initiated this case by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983. He is proceeding on a Second Amended Complaint (Doc. #14) (hereinafter SAC), in which he names the following Defendants: (1) Dr. Hiep Nguyen, the Chief Health Officer at Columbia Correctional Institution (hereinafter CCI); (2) Dr. Elio Madan, the Chief Health Officer at Florida State Prison (hereinafter FSP); and Dr. Victor Selyutin, a physician employed at FSP. Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

1

Constitution. He also contends that the Defendants violated his rights under the Equal Protection Clause by refusing to treat his hepatitis C. He seeks compensatory and punitive damages. He also seeks declaratory and injunctive relief.

This cause is before the Court upon the following motions: (1) Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #24) (hereinafter Nguyen's Motion); (2) Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #32) (hereinafter Selyutin's Motion); and (3) Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #37) (hereinafter Madan's Motion). Since Plaintiff is appearing pro se, the Court previously advised him of the provisions of Fed. R. Civ. P. 56, notified him that the granting of a motion for summary judgment would represent a final adjudication of this case which may foreclose subsequent litigation on the matter, and gave him an opportunity to respond. See the Court's Order (Doc. #16) at 3-5. Plaintiff has responded to the motions for summary judgment. See Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. #28); Plaintiff's Motion to Dismiss Defendant's Dr. Selyutin's Motion to Dismiss or Motion for Summary Judgment (Doc. #34); Plaintiff's Motion to Dismiss Defendant Elio Madan's Motion to Dismiss or Motion for Summary Judgment (Doc. #40).

Upon Plaintiff's request, the Court gave Plaintiff an additional amount of time to engage in discovery and to file a consolidated supplemental response to the pending motions for summary judgment. Plaintiff's Consolidated Supplemental Response to the Three, Pending Motions for Summary Judgment (Doc. #46) was filed on May 6, 2009. Thus, the motions for summary judgment are ripe for review.

## II.  Summary Judgment Standard

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Crawford v. Carroll, 529 F.3d 961, 964 (11th. Cir. 2008) (citing Fed. R. Civ. P. 56(c) and Wilson v. B/E/Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004)).

"The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Allen v. Bd. of Pub. Educ. for Bibb County, 495 F.3d 1306, 1313 (11th Cir. 2007) (citations omitted).

> "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324, 106 S.Ct. 2548).[2]

Id. at 1314.

## III. Plaintiff's Allegations

Although the SAC is not a model of clarity, it is evident from a review of the record that Plaintiff's allegations concern Defendant Nguyen's alleged deliberate indifference to Plaintiff's serious medical needs while Plaintiff was incarcerated at CCI in 2005 and 2006, and Defendant Madan and Selyutin's alleged deliberate indifference to Plaintiff's serious medical

---

[2] Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

needs while Plaintiff was incarcerated at FSP from December 12, 2006,[3] through September 28, 2007 (the date Plaintiff filed his SAC).

Plaintiff alleges the following facts in support of the SAC. On June 10, 2005, Defendant Nguyen denied Plaintiff "Interferon - Pegasus, Treatment" for hepatitis C. SAC at 8. Defendant Nguyen also denied him treatment for hepatitis C on "many other dates since then" even though Plaintiff had a high viral load. Id. Plaintiff is unable to receive these treatments now due to his age. Id. Therefore, he contends that he will die from this disease. Id. at 8-9. Additionally, Defendant Nguyen did not give him adequate pain medication, and left him "in pain, to die." Id. at 9.

Defendant Selyutin denied Plaintiff treatment for hepatitis C on January 23, 2007, and continued to deny Plaintiff such treatment through September 28, 2007. Id. at 9. This lack of treatment caused Plaintiff pain, for which he was not given medication. Id.

On January 30, 2007, Defendant Madan directed that the pain medication prescribed by Defendant Selyutin be discontinued. Id. From March 13, 2007, through September 28, 2007, Defendant Madan refused to treat Plaintiff for his hepatitis C and denied him all pain medication. Id.

Finally, Plaintiff alleges that all three Defendants have left him to die, in pain. Id. Thus, Plaintiff asserts that the Defendants have violated his rights to be free from cruel and unusual punishment and to equal protection of law. Id.

---

[3] Plaintiff states that he was transferred from CCI to FSP on December 12, 2006. See Plaintiff's Motion to Dismiss Defendant's Dr. Selyutin's Motion to Dismiss or Motion for Summary Judgment (Doc. #34) at Exhibit G-1.

4

## IV. Law and Conclusions

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)). First, the plaintiff must satisfy the objective component by showing that he had a serious medical need. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

> "A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." Id. (citation and internal quotations marks omitted).

Brown, 387 F.3d at 1351. In Brown, the Eleventh Circuit concluded that the plaintiff's infection with the human immunodeficiency virus and hepatitis constituted a serious medical need. Id.

To satisfy the subjective component, a plaintiff must show that the prison official acted with deliberate indifference to his serious medical need. Goebert, 510 F.3d at 1326.

> In Estelle[4], the Supreme Court established that "deliberate indifference" entails more than mere negligence. Estelle, 429 U.S. at 106, 97 S.Ct. 285; Farmer,[5] 511 U.S. at 835, 114 S.Ct. 1970. The Supreme Court clarified the "deliberate indifference" standard in Farmer by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official *knows of* and *disregards*

---

[4] Estelle v. Gamble, 429 U.S. 97 (1976).

[5] Farmer v. Brennan, 511 U.S. 825 (1994).

> *an excessive risk to inmate health or safety*; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. 1970 (emphasis added). In interpreting Farmer and Estelle, this Court explained in McElligott[6] that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott, 182 F.3d at 1255; Taylor,[7] 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need").

Farrow, 320 F.3d at 1245-46.

The record reveals the following with respect to Plaintiff's medical care while he was incarcerated at CCI. Dr. Nguyen was employed as the Chief Health Officer at CCI during the time period Plaintiff alleges Dr. Nguyen denied him treatment in 2005 and 2006. Nguyen's Affidavit[8] at 1. During the time period that Plaintiff was housed at CCI, Plaintiff "had a history of Hepatitis C positive, hypertension, gastritis and large right spermatocele." Id. at 2. During the relevant time period, Plaintiff's "medical laboratory test results indicated that his Hepatitis C was in a dormant state which did not require medical treatment." Id.

The normal range for liver enzymes (AST and ALT) is between zero and fifty-five international units per liter (hereinafter IU/L). Selyutin's Affidavit[9] at 2; Selyutin's Motion at

---

[6] McElligott v. Foley, 182 F.3d 1248 (11th Cir. 1999).

[7] Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000).

[8] Dr. Nguyen's Affidavit is appended to the Response to Court Order Regarding Affidavit of Defendant Nguyen (Doc. #45).

[9] Dr. Selyutin's Affidavit is appended to Selyutin's Motion as Exhibit F.

Exhibit E. On January 26, 2005, Plaintiff's AST level was 24 IU/L, and his ALT level was 23 IU/L. Nguyen's Affidavit at 2. On March 9, 2005, Plaintiff's AST level was 28 IU/L, and his ALT level was 28 IU/L. Id. In October of 2006, Plaintiff's AST level was 23 IU/L, and his ALT level was 20 IU/L. Nguyen's Motion at Exhibit A-7.

Plaintiff did not meet the criteria for treatment for hepatitis C while he was incarcerated at CCI. Nguyen's Affidavit at 2. To be considered for such treatment, a patient must have "an elevated ALT (twice normal) level on at least two (2) occasions, two months apart." Id. In Dr. Nguyen's opinion, Plaintiff's life was not in danger from his dormant hepatitis C during any time before Dr. Nguyen signed his affidavit on February 13, 2008. Id. at 2-3.

Additionally, Plaintiff's medical records reveal that Plaintiff received "pain medication prescribed for him, ibuprofen and phenylgesic." Id. at 2. Plaintiff was prescribed Motrin in June and October of 2005 and a phenylgesic in December of 2005. Nguyen's Motion at Exhibits A-2, A-5, A-6.

The record reveals the following with respect to Plaintiff's medical care at FSP during the relevant time period. Dr. Selyutin was employed as a physician at FSP during the time period Plaintiff alleges he was denied treatment for his hepatitis C and pain. Selyutin's Affidavit at 1. Dr. Madan was employed as the Chief Health Officer at FSP during the same time period. Madan's Affidavit[10] at 1.

---

[10] Dr. Madan's Affidavit is appended to Madan's Motion as Exhibit E.

7

Dr. Selyutin saw Plaintiff on January 23, 2007, regarding his hepatitis C. Selyutin's Affidavit at 2. Plaintiff had "Hepatitis C with normal liver enzymes AST/ALT 25/27." Id.; Selyutin's Motion at Exhibit E. Dr. Madan evaluated Plaintiff's condition on March 13, 2007. Madan's Affidavit at 2. At the time of Dr. Madan's employment with the Florida Department of Corrections, an inmate was required to have two consecutive blood tests that reflected ALT levels in the range of 120 to 160 IU/L "before the pre-biopsy work was initiated and then the patient was referred to the gastroenterologist for treatment." Id. Plaintiff did not "meet the criteria in that his ALT was in the normal range" during the relevant time period. Id. Both Dr. Selyutin and Dr. Madan opine that Plaintiff's "Hepatitis C condition was such that he did not medically qualify for treatment" and "his life was not in danger." Selyutin's Affidavit at 2; Madan's Affidavit at 2.

Additionally, the record reflects that Dr. Selyutin prescribed Motrin to treat Plaintiff's arthritis several times; however, each prescription was cancelled by Dr. Madan. Selyutin's Affidavit at 2. The chronic use of non-steroidal, anti-inflammatory drugs (hereinafter NSAIDs) is not recommended because it causes gastro-intestinal ulcerations and liver disease. Madan's Affidavit at 2. Because Plaintiff had gastritis, "abusing Motrin [wa]s contraindicated." Selyutin's Affidavit at 2.

> The [Plaintiff] was educated as to the recommendations of the American College of Orthopedic Surgeons for non-surgical back disease which included smoking cessation[,] exercise and a limited course of NSAIDs. Since he had a history of Hepatitis C, Tylenol was recommended. He was given 30 Motrin and referred to sick call for his back issues.

Madan's Affidavit at 2.

8

This Court finds the Defendants have met their initial burden of showing this Court, by reference to their affidavits and Plaintiff's medical records, that there are no genuine issues of material fact that should be decided at trial. Defendants have presented evidence that, during the relevant time period, Defendants tested Plaintiff's blood levels, which were within normal limits, Plaintiff's hepatitis C was dormant, he did not qualify for treatment for the disease because his liver enzymes were normal, and he was not in danger of dying from the disease. Furthermore, the Defendants have shown that Plaintiff received pain medication; however, the prescription of NSAIDs for his condition was limited due to his history of gastritis and hepatitis C.

Because the Defendants have met this initial burden, Plaintiff is required to present his own documentation (affidavits, depositions, answers to interrogatories, admissions on file, etc.) to show that there is a genuine issue for trial. Despite giving Plaintiff additional time in which to engage in discovery and to obtain such documentation, Plaintiff has failed to present this Court with any evidence, other than his own sworn declarations, in support of his claims.[11] He has not provided this Court with any documentation or medical authority to show that the treatment he sought for his hepatitis C was appropriate for someone with normal liver enzymes. Furthermore, he has not shown that the failure to prescribe stronger

---

[11] Plaintiff asserts that on December 17, 2008 (over one year after the time period at issue in this case), the current Chief Health Officer at FSP, Dr. Akhtar, told Plaintiff that he was going to die from his hepatitis C. See Plaintiff's Consolidated Supplemental Response to the Three, Pending Motions for Summary Judgment (Doc. #46) at 3. However, Plaintiff did not provide an affidavit from this doctor. Of course, Plaintiff may initiate a new civil rights action in this Court if his condition has worsened since the filing of his SAC, and the current health practitioners at FSP are being deliberately indifferent to his serious medical needs.

medications for his pain violated the appropriate standard of care, given his history of gastritis and hepatitis C.

As noted by the United States Supreme Court:

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. Fed. Rule Civ. Proc. 56(c). As we have emphasized, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott v. Harris, 550 U.S. 372, 380 (2007).

Here, the record as a whole could not lead a rational trier of fact to find for the Plaintiff. Absent some competent evidence that the treatment Plaintiff sought for his hepatitis C was appropriate for someone with normal liver enzymes and that the failure to prescribe stronger medications for his pain violated the appropriate standard of care given Plaintiff's condition, no reasonable jury could conclude that the Defendants were deliberately indifferent to Plaintiff's serious medical needs.

Even assuming Plaintiff had provided this Court with an expert medical opinion that the treatment he sought would have been appropriate for someone in his condition, this Court would not necessarily conclude that the Defendants were deliberately indifferent to his serious medical needs.

> A "simple difference in medical opinion" does not constitute deliberate indifference. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). "[T]he question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted). In addition, "the official may escape liability for known risks 'if [he] responded reasonably to the risk, even if the harm ultimately was not averted.'" Chandler v. Crosby, 379 F.3d 1278, 1290 (11th Cir. 2004).

Butler v. Prison Health Services, Inc., 294 Fed. Appx. 497, 499 (11th Cir. 2008) (per curiam) (not selected for publication in the Federal Reporter).

Here, the record reflects that the Defendants reasonably responded to Plaintiff's health conditions by monitoring his liver enzyme levels to determine whether he needed treatment for his hepatitis C and by providing appropriate pain medication. Accordingly, the Defendants' motions for summary judgment will be granted.[12]

---

[12] The Defendants did not address Plaintiff's equal protection claim; however, the claim is due to be dismissed as frivolous. The Fourteenth Amendment's Equal Protection Clause prohibits a state from denying "to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "[T]o properly plead an equal protection claim, a plaintiff need only allege that through state action, similarly situated persons have been treated disparately." Thigpen v. Bibb County, Sheriff's Dep't, 223 F.3d 1231, 1237 (11th Cir. 2000). Plaintiff has failed to allege any facts that would support an equal protection claim.

Therefore, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #24), Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #32) and Defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (Doc. #37) are **GRANTED**.

2. Plaintiff's equal protection claim is dismissed as frivolous.

3. The Clerk shall enter final judgment in favor of Defendants and against Plaintiff, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 9th day of July, 2009.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

ps 7/9
c:
Steven Dennis Young
Counsel of Record